Order Filed on April 11, 2022
by Clerk
U.S. Bankruptcy Court
District of New Jersey

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**EVE S. MORAWSKI,**<br><br>                              Debtor. | Case No.:     20-12079<br><br>Chapter 13<br><br>Hearing Dates:  May 13, 2021 and<br>                                March 23, 2022<br><br>Judge:          John K. Sherwood |
| **EVE S. MORAWSKI,**<br><br>                              Plaintiff,<br>vs.<br><br>**EFFECT LAKE LLC,**<br><br>                              Defendant. | Adv. Pro. No.:   20-01125 |

**DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

**DATED: April 11, 2022**

Honorable John K. Sherwood
United States Bankruptcy Court

Page 2
Debtor:        **Eve S. Morawski**
Case No.:      20-12079 (Adv. Pro. No. 20-01125)
Caption of Order:  **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

## PRELIMINARY STATEMENT

Debtor Eve S. Morawski ("Debtor") brought this adversary proceeding to recover her tax-foreclosed home from Effect Lake, LLC ("Effect Lake") as a fraudulent transfer under § 548 of the Bankruptcy Code. Effect Lake moved for summary judgment. Debtor cross-moved for summary judgment. For the reasons set forth on the record, the Court granted both motions in part. If necessary, a trial will be scheduled to determine (1) whether the Debtor was rendered insolvent by the transfer; and (2) the extent of allowed claims in the case.

## UNDISPUTED FACTS AND PROCEDURAL HISTORY

On October 3, 2016, Effect Lake purchased a tax sale certificate encumbering Debtor's home located at 60 Maplewood Avenue, Maplewood, New Jersey (the "Property"). Effect Lake filed a tax sale foreclosure action in State Court on January 22, 2019. On January 31, 2019, Effect Lake filed a *lis pendens* for the foreclosure action with the Essex County Register's Office. The State Court entered final judgment on September 30, 2019.[1] Debtor filed her bankruptcy petition on February 7, 2020.

As of April 25, 2019, the redemption amount on the tax sale certificate encumbering the Property was $90,323.88.[2] Effect Lake filed a proof of claim on March 27, 2020 for $141,947.88 based on the tax sale certificate.[3] An appraisal, provided by the Debtor during discovery, indicates that the fair market value of the Property is $600,000.[4] The tax assessment from Maplewood indicates a value of $544,000.[5] Either way, there is no question that the fair market value of the home was far more than the redemption amount.

---

[1] ECF No. 16-1, ¶¶ 2-6.
[2] ECF No. 16, Exhibit E, Final Judgment of Foreclosure.
[3] Proof of Claim No. 1.
[4] ECF No. 16. Exhibit M.
[5] ECF No. 32-1.

Page 3
Debtor:           **Eve S. Morawski**
Case No.:         20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

The Debtor filed this adversary proceeding on February 24, 2022 to avoid the final judgment of foreclosure as a fraudulent conveyance under § 548. In response to an interrogatory question, the Debtor stated that she was solvent when the *lis pendens* was filed in January 2019.[6] Effect Lake wants to use the Debtor's interrogatory answer to establish that she was solvent when the *lis pendens* was filed. But the Debtor contends that her interrogatory answer was based on a misunderstanding of when the transfer occurred. Debtor believed the transfer occurred upon entry of the final judgment of foreclosure. After she became aware of her misunderstanding of the law, she certified that she was insolvent when the *lis pendens* was filed.[7]

Effect Lake moved for summary judgment.[8] In response, Debtor filed a cross-motion for summary judgment.[9] On May 13, 2021, the Court heard oral argument on the cross motions for summary judgment and reserved decision. Following the hearing on May 13, 2021, the Court granted several consensual adjournment requests to allow the parties to engage in settlement discussions. The parties recently informed the Court that they could not come to an agreement and, on March 23, 2022, the Court issued an oral decision granting both cross-motions in part. This Decision and Order memorializes the decision read into the record on March 23, 2022.

## JURISDICTION

This Court has jurisdiction over these cross-motions pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District

---

[6] ECF No. 16-3, Exhibit H, Interrogatory Answer 20. The parties acknowledge that, as a matter of law, the transfer occurred when the *lis pendens* was filed for the purposes of a § 548 claim. An element of a § 548 claim is that the Debtor was either insolvent at the time of the transfer or was rendered insolvent by the transfer.
[7] ECF No. 32-1, Cert. of Eve S. Morawski, ¶ 4. In response, Effect Lake relied exclusively on the sham affidavit doctrine, arguing that the Debtor's certification should be disregarded. ECF No. 36, Response to Debtor's Statement of Material Facts, ¶ 4.
[8] ECF No. 16.
[9] ECF No. 32.

Case 20-01125-JKS    Doc 39    Filed 04/11/22    Entered 04/11/22 10:29:57    Desc Main
Document      Page 4 of 10

Page 4
Debtor:        **Eve S. Morawski**
Case No.:      20-12079 (Adv. Pro. No. 20-01125)
Caption of Order:  **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

of New Jersey. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (H). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). Pursuant to Fed. R. Bankr. P. 7052, the Court issues the following findings of fact and conclusions of law.

## LEGAL ANALYSIS

1. **Tax foreclosures conducted under New Jersey law can be avoided as fraudulent transfers under § 548**.

    11 U.S.C. § 548 permits the trustee to avoid any transfer of an interest of the debtor in property made within 2 years before the date of the filing of the petition if the debtor voluntarily or involuntary –

    > (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

    > (ii)(I) was insolvent on the date that such transfer was made, or such obligation was incurred, or became insolvent as a result of such transfer or obligation.

11 U.S.C. § 548(a)(1)(B).

In *BFP v. Resolution Trust Corp.*, the Supreme Court held that mortgage foreclosure sales cannot be avoided as fraudulent transfers so long as the requirements of the state's foreclosure law have been complied with.[10] This is because "a 'reasonably equivalent value,' for foreclosed property, is the price in fact received *at the foreclosure sale*".[11]

But several courts have distinguished tax foreclosures accomplished under New Jersey law from mortgage foreclosures governed by *BFP*.[12] These courts have found that tax foreclosures can be avoided as fraudulent transfers because, unlike mortgage foreclosures, there

---

[10] *See BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545 (1994).
[11] *Id*. (emphasis added).
[12] *In re Kopec*, 621 B.R. 621, 625 (Bankr. D.N.J. 2020); *In re GGI Properties, LLC*, 568 B.R. 231 (Bankr. D.N.J. 2021); *In re Berley Assoc..*, 492 B.R. 433 (Bankr. D.N.J. 2013). The Third Circuit has yet to rule on whether a tax foreclosure can be avoided as a fraudulent transfer under § 548.

Page 5
Debtor: **Eve S. Morawski**
Case No.: 20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

is no competitive bidding procedure. Rather, tax foreclosures in New Jersey are strict foreclosures where the entire property is forfeited, regardless of the actual value the homeowner's equity in the property. Thus, the Court is not obligated to find that the foreclosed property was transferred for "reasonably equivalent value" under *BFP*. A prepetition tax foreclosure conducted under New Jersey law can be avoided as a fraudulent transfer so long as the elements of § 548 are satisfied.

2. **Debtor has standing to recover the amount of her exemption plus allowed claims, but not her equity in the home.**

The Debtor lacks standing to achieve all the relief sought in her complaint. The Debtor seeks to avoid the final judgment of foreclosure, so the Property becomes part of the bankruptcy estate. But the Debtor only has standing to avoid transfers to the extent of her homestead exemption and for the benefit of her creditors. Debtors do not have standing to avoid transfers under § 548 for their own benefit.[13]

   a. **Debtor has standing under § 522(h) to recover her exemption in the property**.

11 U.S.C. § 522(h) confers standing on debtors to avoid transfers "to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer." In turn, § 522(g)(1) allows debtors to exempt property recovered by the trustee to the extent that the debtor could have exempted such property had it not been transferred, if (A) such transfer was not voluntary and (B) the debtor did not conceal such property. Here, the Debtor neither concealed nor voluntarily transferred the Property. Likewise, the Debtor could have claimed an exemption in the Property under § 522(d)(1). Therefore, the

---

[13] *See* § 522(h); *In re Majestic Star Casino LLC*, 716 F.3d 736, 761 (3d Cir. 2013); *In re Messina*, 687 F.3d 74, 82-83 (3d Cir. 2012); *In re Nealy*, 623 B.R. 278, 283 (Bankr. D.N.J. 2021).

5

Page 6
Debtor:         **Eve S. Morawski**
Case No.:       20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Debtor can bring this avoidance action to recover the amount of her exemption under § 522(d)(1).

### b. **Debtor has derivative standing to pursue this avoidance action under § 548**.

The prefatory language of § 548 states that "*the trustee* many avoid any transfer…"[14] By its plain language, § 548 only grants the trustee standing to avoid fraudulent transfers. Yet the Third Circuit has recognized that bankruptcy courts can confer derivative standing upon parties other than the trustee to pursue § 548 actions.[15] Pursuant to the reasoning in *Cybergenics*, the Court entered a Consent Order on March 25, 2022 conferring derivative standing upon the Debtor to pursue this § 548 action.[16]

### c. **Debtor can only recover the Property for the benefit of creditors**.

Avoidance actions can only be brought for the benefit of creditors.[17] Debtors are not entitled to benefit from avoidance actions. Accordingly, courts have limited recovery under § 548 to allowed claims to prevent a windfall to the Debtor.[18] The Court finds that the Debtor only has standing to avoid the value of the Property to the extent of her exemption and the

---

[14] 11 U.S.C. § 548(a)(1)
[15] *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003). The courts are split on whether bankruptcy courts have the authority to confer derivative standing to a Chapter 13 debtor. *Compare In re Rosenblum*, 545 B.R. 846, 863 (Bankr. E.D. Pa. 2016) (finding the court may use its equitable power under §105(a) to confer derivative standing upon a creditor to bring an avoidance action) *with In re Ryker*, 315 B.R. 664 (Bankr. D.N.J. 2004)(holding Chapter 13 debtors do not have authority to bring avoidance actions except as specifically provided in the Bankruptcy Code). Furthermore, the Third Circuit has had the opportunity to decide the issue but has declined to do so. *See In re Merritt*, 711 Fed. Appx. 83, 87 (3d Cir. 2017); *See also In re Weyandt*, 544 Fed. Appx. 107, 110 (3d Cir. 2013). Regardless, the Court finds the reasoning in *Cybergenics* both applicable and persuasive. In *Cybergenics*, the court found that the trustee's avoiding powers were intended to augment the estate, maximizing the recovery of creditors. But, in *Cybergenics*, the debtor-in-possession refused to bring a § 548 action that would benefit the estate. The court found "[i]t is in precisely this situation that bankruptcy courts' equitable powers are most valuable, for the courts are able to craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain". This reasoning supports conferring derivative standing on a Chapter 13 debtor to bring an avoidance action for the benefit of creditors.
[16] ECF No. 37.
[17] *Majestic Star Casino, LLC,* 716 F.3d at 761 n.26; *Nealy*, 623 B.R. at 283.
[18] *In re Allonhill, LLC*, No. 14-10663 (KG), 2019 WL 1868610, at *52 (Bankr. D. Del. Apr. 25, 2019).

Page 7
Debtor:           **Eve S. Morawski**
Case No.:         20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

amount necessary to satisfy her creditors. Unfortunately, the Debtor cannot recover the equity she lost in the tax foreclosure.

In this case, there is only one claim other than Effect Lake: LVNV Funding, LLC for $649.39.[19] Additionally, the Debtor contends that allowed administrative fees can be recovered. The extent of allowed claims is a factual issue that cannot be decided at summary judgment.

3. **Whether the Debtor was rendered insolvent by the transfer may be a disputed issue of fact that cannot be decided at summary judgment**.

Despite her earlier interrogatory answer, the Court will not disregard the Debtor's most recent certification that she was rendered insolvent by the transfer because her interrogatory answer was based on misunderstanding of when the transfer of the Property occurred. And, Effect Lake has yet to concede that the transfer rendered the Debtor insolvent even though the Court will not include the Property as an asset of the Debtor in its insolvency analysis. Thus, whether the transfer rendered the Debtor insolvent may be a disputed factual issue that cannot be decided at summary judgment.

   a. **Debtor's "admission" during discovery that she was solvent when the *lis pendens* was filed does not defeat her § 548 claim**.

In response to Effect Lake's interrogatories, Debtor stated: "Prior to the date of the foreclosure Judgment the debtor was not insolvent as the real property owned has considerable equity".[20] If this statement is true, it would defeat Debtor's § 548 claim because the Debtor must show that she was insolvent on the date of the transfer, or became insolvent as a result of such

---

[19] The claims bar date occurred on April 17, 2020
[20] ECF No. 16-3, Exh. H, Interrogatory Answer 20.

Case 20-01125-JKS    Doc 39    Filed 04/11/22    Entered 04/11/22 10:29:57    Desc Main
Document      Page 8 of 10

Page 8
Debtor:         **Eve S. Morawski**
Case No.:       20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

transfer.[21] And, as a matter of law, the transfer occurred when the *lis pendens* was filed, not when the final judgment of foreclosure was entered.[22]

The Debtor now certifies that she was rendered insolvent when the *lis pendens* was filed.[23] In her certification, the Debtor explains that her interrogatory answer was based on a misunderstanding of when the Property was transferred. The Debtor believed the transfer occurred upon entry of the final judgment of foreclosure.

Still, Effect Lake argues that the Court should disregard the Debtors most recent certification under the sham affidavit doctrine because Debtor is attempting to manufacture a factual dispute. Under the sham affidavit doctrine, courts may disregard affidavits at summary judgment that contradict early deposition testimony or interrogatory answers without satisfactory explanation.[24] But the Third Circuit has not adopted a bright line rule regarding the sham affidavit doctrine. In *Jiminez v. All American Rathskeller, Inc.*, the Third Circuit employed a more flexible approach, acknowledging that not all contradictory affidavits are shams that should be disregarded.[25] Rather, courts may consider contradictory affidavits if "the affiant was 'understandably' mistaken, confused, or not in possession of all the facts".[26]

The Debtor's misunderstanding of the law and confusion about when the transfer occurred is understandable considering how counterintuitive the law is regarding the transfer date. Until the final judgment of foreclosure was entered, the Debtor still held title to the Property, retained her possessory interest, and, in almost every respect, was still the owner of the

---

[21] 11 U.S.C. § 548(a)(1)(B)(ii)(I).
[22] *See* 11 U.S.C. § 548(d)(1); *See also In re Polanco*, 622 B.R. 631 (Bankr. D.N.J. 2020).
[23] ECF No. 32-1, Cert. of Eve S. Morawski.
[24] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017); *Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703 (3d Cir. 1988).
[25] *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 254 (3d Cir. 2007).
[26] Id. (citation omitted).

Case 20-01125-JKS    Doc 39    Filed 04/11/22    Entered 04/11/22 10:29:57    Desc Main
Document    Page 9 of 10

Page 9
Debtor:         **Eve S. Morawski**
Case No.:       20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Property. Yet, as a matter of law, the transfer of the Property occurred when the *lis pendens* was filed. Therefore, the Court will not disregard the Debtor's certification under the sham affidavit doctrine.

### b. The transferred Property is not included as an asset of the Debtor when determining insolvency.

Effect Lake suggests that even though the Property was transferred when the *lis pendens* was filed, it still should be considered an asset of the Debtor for the purposes of the insolvency analysis. Several courts have excluded the transferred property from the asset side in the calculation of insolvency.[27] This Court agrees with these decisions and, therefore, would not include the Property as an asset in the insolvency calculation. Despite the Court's ruling that the Property will not be considered an asset of the Debtor in the insolvency analysis, Effect Lake has yet to concede that the transfer rendered the Debtor insolvent.

### c. Whether the Debtor was rendered insolvent by the transfer of the Property may be a disputed issue of fact.

At summary judgment, the nonmovant must support its assertion that a fact is genuinely disputed by citing to materials in the record.[28] The Court is only required to consider materials cited in the papers but may consider other materials in the record.[29] In its opposition to the Debtor's motion for summary judgment, Effect Lake failed to cite any materials in the record that support its dispute on the issue of insolvency. Instead, Effect Lake relied exclusively on the sham affidavit doctrine, which the Court rejected.[30]

---

[27] *See In re Heidt*, 626 B.R. 777, 792 (Bankr. D.N.J. 2021); *Kopec*, 621 B.R. at 625.
[28] FED. R. CIV. P. 56(c)(1)(A)
[29] FED. R. CIV. P. 56(c)(3)
[30] ECF No. 36, Response to Debtor's Statement of Material Facts, ¶ 4. Nor did Effect Lake show that essential facts were unavailable and request further time to take discovery under FED. R. CIV. P. 56(d).

Case 20-01125-JKS    Doc 39    Filed 04/11/22    Entered 04/11/22 10:29:57    Desc Main
Document      Page 10 of 10

Page 10
Debtor:         **Eve S. Morawski**
Case No.:       20-12079 (Adv. Pro. No. 20-01125)
Caption of Order: **DECISION AND ORDER RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Based on the record as it now stands, the Court is strongly inclined to decide the issue of insolvency in the Debtor's favor. At the hearing, the Court asked Effect Lake's counsel if it would concede the issue of insolvency, but it declined to do so. So, the Court will hear the parties on whether Effect Lake should be afforded the opportunity to contest the issue of insolvency despite its failure to cite materials in the record that support this dispute.

Both cross-motions for summary judgment are denied as to the issue of insolvency.

**THEREFORE, IT IS ORDERED**:

1. Effect Lake's motion for summary judgment is granted in part.

2. Debtor's cross-motion for summary judgment is granted in part.

3. The potential remaining issues for trial are: (1) whether the Debtor was rendered insolvent by the transfer (to the extent this issue is not resolved in favor of the Debtor on summary judgment); and (2) the extent of allowed claims in this case. The parties shall meet and confer to determine whether theses issues need to go to trial. A hearing is scheduled for May 4, 2022 at 10:00 AM to discuss any stipulations and the proceedings necessary to conclude this adversary case. The parties should also be prepared to address the manner in which the claims of the Estate and exemption of the Debtor would be satisfied in the event judgment is entered in the Debtor's favor.